UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARIEL CASTILLO OLIVA,

      Petitioner,

    v.                                              Case No.:  2:26-cv-01172-SPC-DNF

WARDEN, ALLIGATOR
ALCATRAZ,

      Respondents,

_____/

**OPINION AND ORDER**

Before the Court are petitioner Ariel Castillo Oliva's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Castillo Oliva is a native of Cuba who entered the United States on November 20, 2016.  He was detained at the border and placed in removal proceedings.  On March 28, 2017, an immigration judge ordered Castillo Oliva removed to Cuba.  Immigration and Customs Enforcement ("ICE") released Castillo Oliva under an order of supervision on June 29, 2017, after unsuccessfully attempting to execute the removal order.  ICE made another unsuccessful attempt to remove Castillo Oliva to Cuba in 2019, after he was arrested for carrying a concealed weapon.  ICE released him under another order of supervision on April 24, 2019.  Castillo Oliva has complied with its terms.

On January 12, 2026, Castillo Oliva reported to ICE for a check-in appointment. ICE revoked his order of supervision and detained him at Alligator Alcatraz. In February 2026, ICE took a group of noncitizens, including Castillo Oliva, to the Mexican border and instructed them to disembark and cross into Mexico. Castillo Oliva remained seated, and ICE returned him to Alligator Alcatraz.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day

removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Castillo Oliva's petition is premature because his current detention has not exceeded 180 days.  They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained.  That assumption is inconsistent with *Zadvydas*.  It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days.  As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies.  Castillo Oliva has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.  ICE was

unable to remove him to Cuba in 2017 and 2019, and there is no change in circumstances that makes removal more likely now

The burden thus shifts to the government. ICE points to its February 2026 attempt to send Castillo Oliva to Mexico. But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Castillo Oliva in the reasonably foreseeable future.

The Court finds no significant likelihood Castillo Oliva will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Castillo Oliva to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Ariel Castillo Oliva Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Castillo Oliva within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record